UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BARRY CULLEN**,

       Plaintiff,

                                  Case No.  18-11427

vs.

**SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC**
**DBA MICHIGAN SURGICAL HOSPITAL,**
a Michigan limited liability company,

       Defendant.

---

**GASIOREK, MORGAN, GRECO,**
**MCCAULEY, & KOTZIAN, P.C.**
Donald J. Gasiorek (P24987)
Angela Mannarino (P72374)
Attorneys for Plaintiff
30500 Northwestern Hwy Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgasiorek@gmgmklaw.com
amannarino@gmgmklaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BARRY CULLEN, by and through his attorneys, GASIOREK, MORGAN, GRECO, MCCAULEY, & KOTZIAN, P.C., and for his Complaint against the Defendant states as follows:

## PARTIES

1. Plaintiff, BARRY CULLEN, is an individual residing in the City of Windsor, Province of Ontario, Canada.

2. Defendant, SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC DBA MICHIGAN SURGICAL HOSPITAL (hereinafter "Michigan Surgical Hospital"), is a Michigan limited liability company, with its principal place of business in the City of Warren, County of Macomb, State of Michigan.

## JURISDICTION AND VENUE

3. The amount in controversy, excluding any costs, attorney fees or interest, exceeds Seventy-Five Thousand ($75,000.00) Dollars.

4. This Court has diversity jurisdiction over Plaintiff's claim pursuant to 42 USC §1332 because the amount is controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, and the Plaintiff and Defendants are citizens of different states.

5. Venue is proper in this judicial district pursuant to 28 USC §1391 because the events giving rise to the claim occurred in this judicial district.

## **COMMON ALLEGATIONS**

6. Plaintiff's date of birth is April 6, 1960.

7. In or around January 2017, Plaintiff began his employment with Defendant as its Chief Executive Officer ("CEO").

8. Prior to becoming Defendant's CEO, Plaintiff worked as a nurse for 33 years.

9. Plaintiff, at all times, performed his job duties and responsibilities in a manner that demonstrated that he was at least qualified to retain his position.

10. On or about January 22, 2018, a new female Vice President hired by Defendant began her employment.

11. Plaintiff met with the new Vice President on January 22, 2018. During the meeting, the Vice President hugged Plaintiff and confirmed that it was normal for nurses (including herself and Plaintiff) to hug their patients by stating, "We are nurses. Nurses hug. This is what we do".

12. Plaintiff also witnessed Defendant's Chief Nursing Officer, who is female, hug patients on several occasions.

13. During the afternoon of January 22, 2018, someone made an anonymous complaint against Plaintiff to the Vice President, and the Vice President sent Plaintiff home while Defendant investigated the allegations.

3

14. On January 25, 2018, Plaintiff met with Defendant's Senior Vice President of HR and Senior Vice President of Operations. During the meeting, they informed Plaintiff of the allegations against him (including that Plaintiff hugged patients), and Plaintiff responded to each of the allegations.

15. On or about February 2, 2018, Defendant terminated Plaintiff's employment, purportedly for hugging patients.

16. Upon information and belief, Plaintiff has been replaced by a younger female.

17. Because of the circumstances surrounding Plaintiff's termination, reinstatement is impractical, and Plaintiff seeks front pay in lieu of reinstatement.

## COUNT I – GENDER DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

18. Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

19. At all times relevant herein, Plaintiff was an employee and Defendant satisfied the definition of an employer within the meaning of Michigan's Elliott-Larsen Civil Rights Act (hereinafter "ELCRA"), MCL §37.2101, *et seq.*, as amended.

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

20. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination, retaliation, and harassment based on his gender.

21. Defendant violated Plaintiff's rights under the ELCRA by, including but not limited to, terminating Plaintiff because of his gender and otherwise discriminating against Plaintiff with respect to the terms, conditions and privileges of employment.

22. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

### COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

23. Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

5

24. At all times relevant herein, Plaintiff was an employee and Defendant satisfied the definition of an employer within the meaning of Michigan's Elliott-Larsen Civil Rights Act (hereinafter "ELCRA"), MCL §37.2101, *et seq.*, as amended.

25. At all times relevant herein, under the ELCRA, Plaintiff had a right to employment free from discrimination, retaliation, and harassment based on his age.

26. Defendant violated Plaintiff's rights under the ELCRA by, including but not limited to, terminating Plaintiff because of his age and otherwise discriminating against Plaintiff with respect to the terms, conditions and privileges of employment.

27. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

Respectfully submitted,

**GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN P.C.**

BY: /s/*Angela Mannarino*
    Angela Mannarino (P72374)
    Attorneys for Plaintiff
    30500 Northwestern Highway, Suite 425
    Farmington Hills, MI 48334
    (248) 865-0001

Dated: May 7, 2018     amannarino@gmgmklaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BARRY CULLEN**,

        Plaintiff,

                              Case No. 18-11427

vs.

**SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC**
**DBA MICHIGAN SURGICAL HOSPITAL,**
a Michigan limited liability company,

        Defendant.

---

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff, by his attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., demands a trial by jury in this cause.

                              Respectfully submitted,

                              **GASIOREK, MORGAN, GRECO,**
                              **McCAULEY & KOTZIAN P.C.**

                          BY: /s/*Angela Mannarino*
                              Angela Mannarino (P72374)
                              Attorneys for Plaintiff
                              30500 Northwestern Highway, Suite 425
                              Farmington Hills, MI 48334
                              (248) 865-0001
Dated: May 7, 2018             amannarino@gmgmklaw.com